UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES | CRIMINAL ACTION |
| VERSUS | NO. 06-143 |
| CARLOS ROBLES | SECTION "R" |

## ORDER AND REASONS

Before the Court is petitioner Carlos Robles' *pro se* motion to vacate his conviction and sentence under 28 U.S.C. § 2255.[1] The Government opposes the motion.[2] Robles also moves for appointment of counsel[3] and an extension of time to file a reply to the Government's opposition.[4] For the following reasons, the Court denies the motions.

## I.   BACKGROUND

In 2006, Drug Enforcement Administration ("DEA") agents investigated a source of supply for narcotics in Houston, Texas, which led to the arrest and prosecution of several individuals, including Robles.[5]

---

[1]   R. Doc. 614.
[2]   R. Doc. 621.
[3]   R. Docs. 613, 615.
[4]   R. Doc. 622.
[5]   R. Doc. 384.

According to the factual basis signed by Robles, he agreed and conspired with others to supply cocaine from the Houston area to another for further distribution in the Eastern District of Louisiana.[6] Surveillance of drug trafficking in May 2006 led to the seizure of approximately fifty kilograms of cocaine received from Robles and co-conspirator Paul Aguirre.[7]

A federal grand jury in the Eastern District of Louisiana returned a superseding indictment charging Robles for his involvement in the drug conspiracy in violation of the Federal Controlled Substances Act, 21 U.S.C. § 846.[8] Robles made his initial appearance in the Southern District of Texas and was given a bond.[9] Robles was later taken into custody by the Bureau of Immigration, Customs and Enforcement ("ICE") and transferred to the Eastern District of Louisiana,[10] where he stipulated to detention.[11]

Robles pleaded guilty pursuant to a plea agreement.[12] As part of his plea, Robles waived his right to contest his conviction and sentence in a proceeding under 28 U.S.C. § 2255, except in limited circumstances.[13] In

---

[6] *Id.*
[7] *Id.*
[8] R. Doc. 258.
[9] R. Doc. 302.
[10] R. Docs. 266, 267.
[11] R. Doc. 294.
[12] R. Doc. 382.
[13] *Id.*

2

2010, United States District Court Judge Kurt D. Engelhardt sentenced Robles to 246 months' imprisonment.[14] Robles filed a notice of appeal, but voluntarily dismissed the appeal on March 10, 2011.

Robles now files the instant motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[15] He seeks post-conviction relief based upon the criminal conviction of Chad Scott, a former DEA special agent who served as case agent for Robles' prosecution. Scott was found guilty in two trials of multiple counts of falsifying government records, obstruction of justice, perjury, and property conversion, and ultimately sentenced to 160 months' imprisonment. *See United States v. Scott*, No. 17-181, R. Doc. 347 (E.D. La. Aug. 27, 2019) & R. Doc. 648 (E.D. La. Aug. 19, 2021) (Milazzo, J.), *aff'd* No. 21-30501, 2023 WL 3962109 (5th Cir. June 13, 2023). In his supporting memorandum, Robles argues that Scott engaged in criminal misconduct during the investigation and prosecution of his case, and that Scott's criminal convictions entitle him to relief.[16] The Government opposes the motion, arguing that Robles' claims are untimely, procedurally defaulted, barred by the waiver in his plea agreement, and otherwise meritless.[17]

---

14  R. Doc. 501.
15  R. Doc. 614.
16  R. Doc. 614 at 14-18.
17  R. Doc. 621.

3

In connection with his § 2255 motion, Robles also seeks appointed counsel to review his original criminal case for prosecutorial misconduct and represent him in the filing and prosecution of his habeas petition.[18] In addition, moves for an extension of time to reply to the Government's opposition to his § 2255 motion.[19]

The Court considers the motions below.

## II.   MOTION TO VACATE

In his plea agreement, Robles waived his right to appeal or collaterally challenge his sentence, including through a § 2255 motion, with two limited exceptions: Robles retained the right to appeal any sentence imposed in excess of the statutory maximum and the right to raise a claim of ineffective assistance of counsel.[20]  "[A]n informed and voluntary waiver of post-conviction relief is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).  To determine the validity of a waiver, the court must consider two questions: (1) whether the waiver was knowing and voluntary, and (2) whether, "under the plain language of the plea agreement,

---

[18]   R. Docs. 613, 615.
[19]   R. Doc. 622.
[20]   R. Doc. 382 at 2.

4

the waiver applies to the circumstances at issue." *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014).

Robles does not contend that his waiver was involuntary or uninformed, nor does the record support such an inference. The plea agreement clearly outlines the terms of the waiver, which Robles signed.[21] During his rearraignment hearing, the Court reviewed the waiver with Robles and confirmed that he understood that he was waiving his right to contest his conviction and sentence in a post-conviction proceeding.[22] The Court found, based on Robles' testimony, that he was pleading guilty knowingly and voluntarily.[23] The Court thus finds that the waiver is valid and enforceable. *See United States v. Owens*, 302 F. App'x 318, 319 (5th Cir. 2008) (waiver was valid and enforceable where defendant and his counsel signed plea agreement, defendant was informed during his rearraignment that he was waiving his right to appeal or otherwise challenge his conviction, and defendant stated that he understood).

According to the terms of the plea agreement, Robles waived "any right to challenge his sentence collaterally, including but not limited to any and all

---

[21] *Id.* at 2, 4.
[22] R. Doc. 528 at 9-10.
[23] *Id.* at 25.

5

rights which arise under" § 2255.[24]  Neither of the two exceptions to the waiver apply here.  Robles was not sentenced in excess of the statutory maximum—he was sentenced to a term of 246 months imprisonment for a crime that carries a statutory minimum of 10 years and maximum of life imprisonment.  Robles' guideline range for imprisonment was assessed at a maximum of 327 months, 81 months longer than the duration of his sentence.  Nor does Robles contend that his counsel provided ineffective assistance.  Accordingly, "under the plain language of the plea agreement," the waiver appears to "appl[y] to the circumstances at issue." *Keele*, 755 F.3d at 754.

Even if Robles has not waived his right to collaterally challenge his conviction and sentence, his motion is untimely.  Petitions for habeas relief brought pursuant to 28 U.S.C. § 2255 are subject to a one-year period of limitation that runs from the latest of four possible dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by

---

[24]   R. Doc. 382.

>the Supreme Court and made retroactively applicable to cases on collateral review; or

>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Robles' motion is untimely under the first date stated in § 2255(f)(1). Pursuant to the prison mailbox rule, a *pro se* prisoner's § 2255 motion is deemed filed on the date the prisoner delivers the motion to prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 276 (1988). While the exact date Robles delivered his motion to prison authorities is unclear from the filing itself, the Court conservatively assumes that it was delivered on the date written next to Robles' signature: July 14, 2022—more than eleven years after he voluntarily dismissed his appeal on March 10, 2011.[25] *See Mark v. Thaler*, 646 F.3d 191, 195 (5th Cir. 2011) ("[I]t may well be the case that when a federal criminal direct appeal is voluntarily dismissed, further review is no longer possible and, thus, the federal conviction immediately becomes final under AEDPA for purposes of any future petition under 28 U.S.C. § 22s5, although at least one court has taken a contrary view."); *United States v. Solis-Gonzalez*, 254 F.3d 1080, 1080 n.1 (5th Cir.

---

[25]   R. Doc. 614 at 21.

7

2001) ("Even if we were to consider the timeliness of appellant's petition, he would have difficulty persuading us that, although he voluntarily dismissed his appeal, the one-year period should be extended by the time limit for filing a petition for certiorari."); *see also Silva v. United States*, No. 21-044, 2022 WL 17069155, at *2 (N.D. Tex. Nov. 2, 2022) ("[T]he majority of federal courts to consider the issue, including courts in this district, have held that a habeas petitioner's judgment becomes final for limitations purposes on the date the direct appeal is dismissed.") (collecting cases). Alternatively, because Robles did not petition for a writ of certiorari, his judgment may be deemed as final when his time for filing a writ of certiorari expired. *See* Supreme Court Rules, rule 13, 28 U.S.C.A.; *Clay v. United States*, 537 U.S. 522, 532 (2003) (holding that judgment becomes final upon expiration of the time to file a petition for writ of certiorari). Regardless of whether Robles' judgment became final for limitation purposes upon the voluntary dismissal of his appeal on March 10, 2011, or upon expiration of the period to file a petition for writ of certiorari on June 8, 2011, his motion was filed more than one year later and is therefore untimely under 28 U.S.C. § 2255(f)(1).

  The only other potentially applicable date here is the last: the date on which the facts supporting Robles' claims could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f)(4). Here,

8

Robles contends that his motion is timely because it was filed within one year of Agent Scott's second judgment on August 19, 2021.[26] For § 2255(f)(4) to apply to Robles' petition, his "diligence must merely be 'due' or 'reasonable' under the circumstances." *United States v. Rodriguez*, 858 F.3d 960, 962 (5th Cir. 2017). "As the Supreme Court has explained, 'diligence can be shown by prompt action on the part of the petitioner as soon as he is in a position to realize' that he should act." *Id.* (quoting *Johnson v. United States*, 544 U.S. 295, 308 (2005)). Accordingly, in determining timeliness under § 2255(f)(4), "[t]he important thing is to identify a particular time when . . . diligence is in order." *Id.*

Robles' motion is untimely under § 2255(f)(4). Agent Scott's alleged unlawful actions during Robles' arrest and detention hearing form the basis of the motion. Robles specifically alleges that Scott engaged in various improper actions in relation to his prosecution, including: ordering a detective with the Porter Police Department to surveil Robles for two years in Texas; manipulating a contact at ICE to place Robles on a detainer hold; threatening to "go after" Robles' family if he did not cooperate or plead guilty, among other comments; and visiting a confidential informant and "leading"

---

[26] R. Doc. 614 at 12.

9

them on their testimony.[27]  Robles does not assert that he learned of Scott's misconduct within the last year and thereafter promptly acted with diligence in filing his petition.  Rather, the facts supporting these claims were available to Robles before he learned of the criminal investigation into Scott and before his own conviction became final.

Robles further contends that Scott's criminal convictions entitle him to collateral review of his own conviction and sentence "as a matter of law, for the purpose of mitigating any and all harm done by a corrupt member of the prosecution."[28]  Robles cites Scott's August 2021 conviction as the date upon which the one-year limitations period began to run under § 2255(f)(4).[29] *See Scott*, No. 17-181, R. Doc. 648.  Without any evidence connecting Scott's criminal convictions to the present case, Robles claims that the convictions establish a pattern of criminal behavior thereby making it "more likely than not" that a valid claim for collateral relief exists.[30]  The Court's decision in *United States v. Scott* nevertheless makes clear that Scott's charged misconduct is wholly unrelated to Robles' case.  Robles pled guilty on

---

[27]   R. Doc. 614.
[28]   *Id.*
[29]   *Id.* at 12.
[30]   *Id.* at 19.

November 5, 2008.[31] He was sentenced on September 22, 2010.[32] The underlying misconduct in Scott's criminal trial allegedly spanned from February 2009 to January 2016. *Scott*, No. 17-181, R. Doc. 71. Accordingly, there is no evidence of any criminal investigation into Scott or allegations of misconduct at any time during the pendency of Robles' case. *See United States v. Conerly*, No. 13-267, 2016 WL 4208545, at *4 (E.D. La. Aug. 10, 2016) (Feldman, J.) (holding same); *United States v. Harris*, No. 06-55, 2020 WL 265203, at *2 (M.D. La. Jan. 17, 2020) (Dick, C.J.) (holding same).

Not only this, but Robles also fails to address the entire timeline of Scott's criminal trials. Scott was first indicted by a federal grand jury on September 29, 2017, and later charged under a superseding indictment on May 4, 2018.[33] *Scott*, No. 17-181, R. Docs. 1, 71. After the jury deadlocked in Scott's first trial, a retrial resulted in a guilty verdict on August 27, 2019. *Scott*, No. 17-181, R. Doc. 347. Yet, Robles' petition relies on the later date of Scott's second conviction, August 19, 2021, to establish timeliness under § 2255(f)(4). He offers no explanation for his failure to seek collateral relief after Scott's indictment or first conviction. The Court therefore finds that Robles' motion is untimely because he could have discovered, through the

---

31   R. Doc. 382.
32   R. Doc. 492.
33   R. Docs. 1, 71.

11

exercise of due diligence, the facts supporting his claims prior to August 2021. *See In re Jones*, 998 F.3d 187, 189-90 (5th Cir. 2021) (holding that petitioner's claim was untimely when he "point[ed] to no factual predicate discovered in the last year that could not have been discovered earlier through the exercise of due diligence").

Although Robles does not argue that he is entitled to equitable tolling, the Court will address this issue because he is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011) ("The filings of a federal habeas petitioner who is proceeding pro se are entitled to the benefit of liberal construction."). "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Petty*, 530 F.3d 361, 364 (5th Cir. 2008) (quoting *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (internal quotation marks omitted)). But tolling is permitted in only rare and exceptional circumstances, and the burden falls on the habeas petitioner to establish that tolling is appropriate. *Id.* at 364-65. Robles is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Here, Robles' claims primarily concern Scott's alleged misconduct during his prosecution. In his supporting memorandum, Robles acknowledges that he was aware of much of Scott's alleged misconduct during his arrest and detention hearing. There is no indication that Robles raised these issues at any point during his trial. It was not until Scott was convicted based on wholly unrelated conduct that Robles seized the opportunity to raise his collateral attack. The Court therefore finds that Robles has not met his burden of showing that he pursued his rights diligently in delaying his habeas petition by more than a decade after Scott's alleged misconduct during Robles' prosecution. Without more, Robles is not entitled to tolling, and his petition must be dismissed.

### III. CERTIFICATE OF APPEALABILITY

When a district court enters a final order adverse to a petition under 25 U.S.C. § 2255, the court must issue or deny a certificate of appealability. Rules Governing Section 2255 Proceedings, Rule 11(a). A court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter,

13

agree that) the petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted)). "'When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim,' . . . a certificate of appealability should issue only when the prisoner shows both 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (emphasis in original) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Robles' motion does not satisfy these standards. For the reasons stated in this Order, the Court finds that Robles has not demonstrated that he is entitled to federal habeas relief, that dismissal on procedural grounds is incorrect, or that the claims raised would engender debate among reasonable jurists or deserve encouragement to proceed further. Accordingly, the Court will not issue a certificate of appealability.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Robles's motion to vacate and DENIES a certificate of appealability. Robles' motions for appointment of counsel and motion for extension of time to file a reply are further DISMISSED AS MOOT.

New Orleans, Louisiana, this __5th__ day of July, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE