UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 6-143 |
| CARLOS ROBLES | SECTION "R" |

### ORDER AND REASONS

Before the Court is defendant Carlos Robles's opposed[1] motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).[2] Because Robles has not demonstrated that he has exhausted his administrative remedies, the Court denies his motion for compassionate release.

### I.   BACKGROUND

On November 13, 2008, Robles pleaded guilty pursuant to a plea agreement to conspiracy to distribute at least five kilograms of cocaine in violation of 21 U.S.C. § 846.[3] United States District Judge Kurt D. Engelhardt sentenced Robles to 246 months of imprisonment on September 22, 2010.[4]

---

[1]   R. Doc 633.
[2]   R. Doc. 629.
[3]   *See* R. Docs. 383, 384, 386.
[4]   R. Doc. 501.

In 2019 and 2021, former DEA Special Agent Chad Scott, who had investigated Robles, was convicted in two trials for multiple counts of falsifying government records, obstruction of justice, perjury, and conspiracy to convert property of another. *See United States v. Scott*, No. 17-181, R. Doc. 648 (E.D. La. Aug. 19, 2021) (Milazzo, J.). On July 25, 2022, Robles moved to vacate his sentence pursuant to 28 U.S.C. § 2255, asserting that Scott had withheld exculpatory evidence and used perjured testimony in order to arrest and charge Robles.[5] The Court denied Robles's Section 2255 motion on July 26, 2023.[6] Robles now moves motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).[7] The Government opposes.[8]

The Court considers the motion below.

## II. LAW AND ANALYSIS

As a threshold matter, the Court can consider a defendant's motion for compassionate release only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after 30 days have passed "from the

---

[5]   R. Doc. 614.
[6]   R. Doc. 623.
[7]   R. Doc. 629.
[8]   R. Doc. 633.

receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

The Court finds that Robles has not satisfied either requirement for compassionate release. Although Robles states in his motion that he submitted a request for compassionate release to the warden of his facility on July 18, 2023, he has not provided the Court with a copy of his written request to the warden, records of any denial from the Bureau of Prisons, or any evidence of receipt by correctional facility staff. *See United States v. Dinet*, No. 18-157, 2020 WL 4544482, at *2 (E.D. La. Aug. 6, 2020) (holding that even though defendant contended he had exhausted all administrative remedies, defendant's § 3582 motion was "not properly before th[e] Court" because he did "not present any evidence that a request for release was made to the warden of his facility").

Because Robles has not shown either that he fully exhausted all administrative rights or that 30 days has elapsed since the warden of his facility received his request for compassionate release, 18 U.S.C. § 3582(c)(1)(A), the Court is required to deny the motion for compassionate release. *United States v. Franco*, 93 F.3d 465, 46 (5th Cir. 2020) (holding that administrative exhaustion in the § 3582 context is non-jurisdictional, but mandatory). The Court therefore does not consider

whether Robles has shown extraordinary and compelling reasons or whether the sentencing factors favor compassionate release. *See Franco*, 973 F.3d at 468 ("[A]ll requests for compassionate release must be presented to the Bureau of Prisons before they are litigated in federal courts.").

## III.  CONCLUSION

For the foregoing reasons, the Court DENIES WITHOUT PREJUDICE defendant's motion for compassionate release.

New Orleans, Louisiana, this __5th__ day of August, 2024.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE